IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RHONDA S. PHILLIPS, | : | Case No. 3:10-cv-378 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J.  Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

---

## REPORT AND RECOMMENDATION[1]

---

On March 13, 2012, Judge Rice adopted Magistrate Judge Michael R. Merz's Report and Recommendation, reversing and remanding this case, under Sentence Four, for an award of benefits.  Docs. 15, 18.  This case was transferred thereafter to the undersigned.  *See* doc. 22. This matter is back before the Court pursuant to a motion filed by Plaintiff's counsel for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b).  Doc. 21.  Plaintiff's counsel requests the Court to authorize a 25% contingency fee award in the amount of $18,975.55.  *Id.*  In support of her motion, counsel has attached her contingency fee agreement with Plaintiff (doc. 21-3) as well as her affidavit attesting to her background the services she rendered on behalf of Plaintiff (doc. 21-1).  Further, counsel has submitted a copy of the award letter from the Commissioner advising Plaintiff that Social Security has withheld $18,975.55 (*i.e.*, 25% of Plaintiff's past-due benefits) for the payment of attorney's fees.  Doc. 21-5.  The Commissioner does not oppose counsel's request for $18,975.55 in fees.  *See* doc. 21 at PageID 152.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

The Social Security Act authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability appeals.  However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal.  42 U.S.C. § 406(b)(1)(A).  Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).  Section 406(b) "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*  A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*  Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).  As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*  "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991).

Here, counsel and Plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of Plaintiff's past-due benefits. *See* doc. 21-3. Counsel's itemized statement indicates that counsel spent 56.50 hours representing Plaintiff before this Court. *See* doc. 21-1 at PageID 158-62. Therefore, counsel's requested fee of $18,975.55 for 56.50 hours calculates to be an hourly rate of $335.85. Using a conservative hourly rate of $175, *see Vaughn*, *infra*, the requested contingency fee is *per se* reasonable because the hypothetical hourly rate is less than $350.00 (*i.e.*, twice of $175.00). *See Hayes*, 923 F.2d at 422. Further, there have been no allegations of, nor has the Court found any instances of, improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee.[2] Quite to the contrary, Plaintiff was well represented by counsel in this case. Therefore, counsel's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b) should be granted. *Accord Vaughn v. Astrue*, No. 3:08-cv-377, 2012 U.S. Dist. LEXIS 117073, at *7, 2012 WL 3585928, at *3 (S.D. Ohio Aug. 20, 2012) (Merz, M.J.), *adopted by* 2012 U.S. Dist. LEXIS 128481 (S.D. Ohio Sept. 10, 2012) (Rice, J.) (finding a contingency fee award reasonable, pursuant to *Hayes*, as the hypothetical hourly rate was calculated to be less than twice a conservative standard hourly rate of $180.00).

## II.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's unopposed motion for attorney's fees under 42 U.S.C. § 406(b) (doc. 21) be **GRANTED**, and Plaintiff's counsel be **AWARDED** the sum of $18,975.55 in attorney's fees; and

---

[2]The Court further notes that counsel represented Plaintiff at the administrative hearing as well as before the Appeals Council. *See* doc. 21-7. To that end, this is clearly not a case in which "minimal effort" was expended. *See Royzer*, 900 F.2d at 982.

3

2.      As no further matters remain pending for review, this case remain **TERMINATED** upon the Court's docket.


August 8, 2013                                      s/ **Michael J. Newman**
                                                   United States Magistrate Judge

4

## <u>NOTICE REGARDING OBJECTIONS</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).